IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONELL THOMPSON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-829-SLP |
| ) | |
| **JASON M. HICKS, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, filed a civil rights complaint. (Doc. 1). United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C). (Doc. 5). For the following reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice to the re-filing.

**I.     Discussion**

Plaintiff filed this action on August 6, 2024, when he was detained at the Stephens County Detention Center. (Doc. 1, at 8; *id.* at Ex. 2, at 4). Plaintiff submitted an Application to Proceed *In Forma Pauperis* ("IFP Application," a motion to proceed without prepayment of fees or costs) on the incorrect form and failed to include required financial information, the signature of an authorized jail officer, and a certified copy of the statement(s) of Plaintiff's institutional account(s) for the six-month period immediately preceding filing of the Complaint. (*See* Doc. 2). The undersigned ordered Plaintiff to cure those deficiencies by September 9, 2024. (Doc. 6). Plaintiff cured the deficiencies, (Doc.

7), and the undersigned granted Plaintiff's application, ordering him to pay an initial partial filing fee of $13.27 or to show cause in writing for his failure to pay by October 4, 2024, (Doc. 8, at 1-2). The order granting the IFP Application warned Plaintiff that failure to pay or to show cause for failure to pay would make the action "subject to dismissal without prejudice to re-filing." (*Id.* at 2).

On September 13, 2024, Plaintiff advised the court that he was transported to the Oklahoma County Detention Center "on a 20 year old warrant." (Doc. 9, at 1). On September 25, 2024, two felony charges against Plaintiff in Oklahoma County were dismissed with prejudice. Oklahoma County Case Nos. CF-2004-5860,[1] CF-2004-5933.[2] Plaintiff also filed a notice noting a new address not affiliated with a detention facility. (Doc. 10). Thus, because Plaintiff "is no longer incarcerated . . . the PLRA no longer applies to him." *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013) (addressing the scope of the payment obligation under the PLRA). So, the undersigned vacated the order granting Plaintiff's IFP Application, instructed him that he was not required to pay the initial partial filing fee of $13.27, and ordered him to submit an IFP Application on the form for non-prisoners on or before November 1, 2024. (Doc. 13). Plaintiff was provided the necessary forms to allow him to comply with the order. (*Id.*) To date, Plaintiff has not submitted the form or paid the civil filing fee.

---

[1] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2004-5860&cmid=1844789 (last visited Nov. 7, 2024).

[2] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2004-5933&cmid=1845755 (last visited Nov. 7, 2024).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sua sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

A plaintiff's failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's order and failure to pay the filing fee warrants dismissal of this action without prejudice. The court has provided Plaintiff an additional response opportunity through objection to this Report and Recommendation.

## II.     Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Plaintiff's failure to comply with the court's order and failure to pay the filing fee.  **Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 2, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

IT IS SO ORDERED this 7th day of November, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE